AO 241
REV 6/82

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District | EASTERN DISTRICT |
|---|---|---|

*[Stamp: EASTERN DISTRICT OF LOUISIANA FILED FEB - 1 2001 LORETTA G. WHYTE CLERK]*

| Name | Prisoner No. | Docket No. |
|---|---|---|
| RICKIE L. BRUMFIELD | 316164  **01-0300** | |

| Place of Confinement |
|---|
| LOUISIANA STATE PENITENTIARY ANGOLA, LOUISIANA |

**SECT. L MAG. 6**

| Name of Petitioner (include name upon which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| RICKIE L. BRUMFIELD | V. N. BURL CAIN, WARDEN |

The Attorney General of the State of: LOUISIANA

*[Stamp: U.S. COURT OF APPEALS RECEIVED JAN 28 2001 NEW ORLEANS, LA]*

## PETITION

1. Name and location of court which entered the judgment of conviction under attack

TWENTY-SECOND JUDICIAL COURT OF WASHINGTON PARISH

2. Date of judgment of conviction ___JUNE 7, 1996___

3. Length of sentence___MANDATORY LIFE___

4. Nature of offense involved (all counts) ___FIRST DEGREE MURDER___

_____

_____

_____

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

_____

_____

6. Kind of trial: (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐

_____ Fee 5.00 pd
_____ Process
X   Dktd
_____ CtRmDep
_____ Doc.No.

(2)

AO 241
REV 6/82

9. If you did appeal, answer the following:

(a) Name of court  LOUISIANA STATE SUPREME COURT

(b) Result  CERT. DENIED

(c) Date of result  NOVEMBER 8, 1997

(d) Grounds raised  TRIAL COURT FAILED TO SUPPRESS EVIDENCE;

INSUFFICIENT EVIDENCE

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  LOUISIANA STATE SUPREME COURT

(2) Nature of proceeding  CERT. DENIED FOR POST-CONVICTION RELIEF

(3) Grounds raised  TRIAL COURT ERRORED BY ALLOWING AN ALLEGED

STATEMENT WITHOUT FIRST ADVISING HIM OF HIS MIRANDA

RIGHTS.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☑

(5) Result  N/A

(6) Date of result  N/A

(b) As to any second petition, application or motion give the same information:

(1) Name of court  N/A

(2) Nature of proceeding  N/A

(3)

(3) Grounds raised __N/A__

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒
(5) Result __N/A__

(6) Date of result __N/A__

(c) As to any third petition, application or motion, give the same information:
(1) Name of court __N/A__

(2) Nature of proceeding __N/A__

(3) Grounds raised __N/A__

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒
(5) Result __N/A__

(6) Date of result __N/A__

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☒   No ☐
(2) Second petition, etc.     Yes ☐   No ☐
(3) Third petition, etc.      Yes ☐   No ☐
(e) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241
REV 6/82

· For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: FAILURE TO ADVISE OF MIRANDA RIGHTS

Supporting FACTS (tell your story *briefly* without citing cases or law): AN ALLEGED STATEMENT WAS TAKEN FROM PETITIONER WITHOUT FIRST ADVISING HIM OF HIS MIRANDA WARNINGS.

B. Ground two: N/A

Supporting FACTS (tell your story *briefly* without citing cases or law):

AO 241
REV 6/82

C.  Ground three: N|A

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D.  Ground four  N|A

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____ N|A _____

_____

_____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a)  At preliminary hearing  FRANK  SLOAN  (ADDRESS  UNKNOWN)

_____

(b)  At arraignment and plea  SAME AS ABOVE

_____

AO 241
REV 6/82

(c) At trial  SAME AS ABOVE

(d) At sentencing  ABOVE

(e) On appeal  SAME AS ABOVE

(f) In any post-conviction proceeding  PRO-SE

(g) On appeal from any adverse ruling in a post-conviction proceeding  PRO-SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(date)

Rickie L. Brumfield
_____
Signature of Petitioner

(7)

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CASE NO.



RICKIE L. BRUMFIELD

PETITIONER

VERSUS

N. BURL CAIN, WARDEN

RESPONDENT

LOUISIANA STATE PENITENTIARY

" PETITION FOR WRIT OF HABEAS CORPUS"

SUBMITTED AND PREPARED BY:
RICKIE L. BRUMFIELD # 316164
PINE THREE UNIT
LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA 70712

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS ................................... I

TABLE OF AUTHORITIES..  ............................ II

HABEAS CORPUS APPLICATION ...........................

JURISDICTION .......................................

STATEMENT OF THE CASE...............................

ISSUES PRESENTED FOR REVIEW ........................

CLAIMS (A) .........................................

CLAIM  (B) .........................................

CONCLUSION .........................................

CERTIFICATION OF SERVICE............................

AFFIDAVIT ..........................................

## TABLE OF AUTHORITIES

**UNITED STATES CONSTITUTION**
**UNITED STATES CONSTITUTION. SIXTH AMENDMENT**

**FEDERAL CASES**
MIRANDA V. ARIZONA. 386 U.S. 436. 86 S.Ct. 1602. 16 L. ED.2d
694 (1966)

JACKSON V. VIRGINIA. 443 U.S. 307. 99 S.Ct. 2781. 61 L. ED.2d
560 (1969)

ESTELLE V. WILLIAMS. 425 U.S. 501. 512. 96 S.Ct. 1691. 1697.
48 L. ED.2d 126 (1976)

STRICKLAND V. WASHINGTON. 466 U.S. 668. 104 S.Ct. 2052. 80 L.
ED.2d 674 (1984)

HERRING V. NEW YORK. 422 U.S. 853. 862. 95 S.Ct. 2550. 45 L.
ED 2d 593 (1975)

DELUCA V. LORD. 77 F 3D 578 (2ND CIR. 1966) CERT. DENIED --
U.S. --. 117 S.Ct. 83. 136 L. ED.2d 40 (1966)

BOYKIN V. ALABAMA. 395 U.S. 238. 89 S.Ct. 1709 (1969)

BROOKHART V. JANIS. 384 U.S. 1. 8 S.Ct. 1245-49 (1966)

COX V. HUTS. 598 F.2d 394 (8TH CIR. 1970)


UNITED STATES V. BROWN. 428 F.2d 110 (D.C. CIR. 1970)

WILEY V. SOWDER. 647 F.2d AT 650

FRANCIS V. SPAGGINS. 720 F.2d 1190 (11TH CIR. 1983)

NERO V. BLACKBURN. 597 F.2D 991. 994 (5TH CIR. 1979)


STATE CASES

STATE V. STRACENER. CASE #CR94 - 998. (LA. APP. 3RD CIR. 1995)

STATE V. HAMILTON. CASE #94 - KA 696 (9LA. APP.5TH CIR.1995)

STATE V. GRAHAM. 442 SO. 2D 123.129 (LA. 1982). REHEARING
DENIED

STATE V. HOLMES. 441 SO.2D 739 (LA. 1983)

OTHER SOURCES

THE    AMERICAN    BAR    ASSOCIATION    CODE    OF    PROFESSIONAL
RESPONSIBILITY DR - 7-106. 1975.

JURISDICTION


THIS  HONORABLE COURT HAS JURISDICTION  TO HEAR THIS WRIT

PURSUANT TO TITLE 28 OF THE UNITED STATES CODE. SUBSECTION 129

- 1294. ALSO.  VENUE IS PROPER  IN THIS COURT  OF THE EASTERN

DISTRICT.  BECAUSE THE OFFENSE AROSE  FROM THE BOUNDARY WITHIN

THIS JURISDICTION.

STATEMENT OF THE CASE

PETITIONER WAS INDICTED BY A WASHINGTON PARISH GRAND JURY WITH FIRST DEGREE MURDER OF ONE RICHARD SPEARS. IN VIOLATION OF LOUISIANA REVISED STATUES 14:30.. THE OFFENSE OCCURRED DURING THE COMMISSION OF AN ARMED ROBBERY. ACCORDING TO PROSECUTION. PETITIONER IN THE EARLY MORNING HOURS. AFTER CONSUMING NUMEROUS AMOUNTS OF BEER WITH SHAWN TAYLOR (FRIEND). ALLEGEDLY LOCKED HIS BATHROOM DOOR. CLIMBED OUT OF ITS WINDOW WITH HIS FATHER'S SHOTGUN. WENT TO THE VICTIM'S RESIDENCE. WHICH IS ALSO IN WASHINGTON PARISH. PETITIONER ALLEGEDLY ARRIVED AT THE VICTIM'S RESIDENCE THROUGH A PASTURE OF RYE GRASS. AT SOME POINT. PETITIONER SHOT VICTIM WHOM DIED. TOOK HIS WALLET AND LEFT THE SCENE IN THE VICTIM'S VEHICLE.

INVESTIGATING OFFICERS OF THE WASHINGTON PARISH SHERIFF DEPARTMENT INVESTIGATED THE INCIDENT. WHICH SOMEHOW LEAD THEM TO PETITIONER'S FATHER RESIDENCE (PETITIONER FATHER WAS IN THE HOSPITAL AT THE TIME). PETITIONER'S SISTER WAS QUESTIONED. IN WHICH SHE COULD NOT PROVIDE INVESTIGATORS WITH ANY INFORMATION PERTAINING TO THE OFFENSE. HOWEVER. SHE GAVE INVESTIGATORS PERMISSION TO SEARCH SAID RESIDENCE WHERE A SHOT GUN AND SHELLS WERE LOCATED IN THE FATHER'S BEDROOM. THE WEAPON ALLEGEDLY HAD A STRING OF RYE GRASS ON IT. THE WEAPON WAS CONFISCATED AND PETITIONER BROUGHT IN FOR QUESTIONING. AT WHICH PETITIONER ALLEGEDLY CONFESSED TO COMMITTING THE OFFENSE. BUT DENIED THAT A ROBBERY OCCURRED. PETITIONER ALLEGEDLY STATED THAT OFFENSE HAPPENED BECAUSE OF A PHYSICAL

CONFRONTATION BETWEEN PETITIONER AND VICTIM OVER VICTIM DAUGHTER MESSING WITH A BLACK MAN.

ON JUNE 7. 1996. PETITIONER APPEARED BEFORE THE HONORABLE JOHN W. GREEN OF THE TWENTY – SECOND JUDICIAL DISTRICT COURT. WHERE A TWELVE (12) MEMBER JURY FOUND PETITIONER GUILTY OF FIRST DEGREE MURDER. DURING PENALTY PHASE. PETITIONER WAS GIVEN A MANDATORY LIFE SENTENCE.

AFTER EXHAUSTING ALL STATE RELIEF REMEDIES. PETITIONER NOW SEEKS FEDERAL HABEAS CORPUS BY WAY OF THIS HONORABLE COURT.

ISSUES PRESENTED FOR REVIEW


(A). WAS THE TRIAL COURT IN ERROR BY ALLOWING AN ALLEGED
STATEMENT GIVEN BY PETITIONER IN EVIDENCE: EVENTHOUGH
PETITIONER WAS NOT FIRST MIRANDARIZED. AS REQUIRED BY
LAW.



(B). WAS PETITIONER DENIED HIS SIXTH AMENDMENT RIGHT TO
EFFECTIVE REPRESENTATION OF COUNSEL WHEN COUNSEL CONCEDED
HIS GUILT.

## CLAIM (A)

THE  TRIAL COURT WAS IN ERROR TO ALLOW AN ALLEGED STATEMENT BY PETITIONER  WITHOUT FIRST ADVISING HIM  OF HIS MIRANDA RIGHTS. AS REQUIRED BY LAW.

DURING THE COURSE OF THE TRIAL. THE PROSECUTION OFFERED A DEPUTY.  COLSTON MARTIN.  THE JAILER AT  THE WASHINGTON PARISH SHERIFF  OFFICE. WHO TESTIFIED THAT HE WAS WORKING THE WEEK OF JANUARY  21  & 22.  WHERE  HE HAD  THE  OCCASION TO  TALK WITH PETITIONER. IN WHICH HE  ALLEGEDLY CALLED FROM  HIS CELL. AND LET  HIM TALK TO  HIS PARENTS ON  THE TELEPHONE. DEPUTY MARTIN ALSO  TESTIFIED THAT HE  ASKED PETITIONER DID  HE IN FACT TAKE THE VICTIM'S WALLET. WHICH PETITIONER DENIED; HOWEVER. SEVERAL MINUTES  LATER.  PETITIONER ALLEGEDLY  ADMITTED IN  TAKING THE WALLET.  (TR.T.PP.1678 -  1679). DEPUTY  MARTIN FURTHER STATED THAT  HE DID NOT ADVISE PETITIONER OF HIS MIRANDA RIGHTS PRIOR TO GIVING SAID CONFESSION. (TR . T. PP. 1681).

IN  MIRANDA V. AIRIZONA. 384 U.S. 436. 86 S. CT. 1602. 16 L.  ED.2D 694 1966). THE  UNITED STATES SUPREME COURT REQUIRED THAT  A PERSON QUESTIONED WHILE IN CUSTODY MUST BE ADVISE THAT HE  HAS A RIGHT TO REMAIN  SILENT. THAT ANY STATEMENT HE MAKES MAY  BE  USED  AGAINST HIM  AND  THAT  HE HAS  A  RIGHT  TO BE REPRESENTED  BY  AN  ATTORNEY. EITHER  RETAINED  OR APPOINTED. DURING  QUESTIONING. ARTICLE  ONE. SUBSECTION  THIRTEEN OF THE LOUISIANA  CONSTITUTION ADDS AS  ADDITIONAL SAFEGUARD  BY INCLUDING  THAT THE PERSON BEING  QUESTIONED BE ADVISED OF THE REASON  FOR HIS DETENTION.  AN ACCUSED MAY  WAIVE THESE RIGHTS

AND   CONSENT   TO   INTERROGATION.   BUT   THE   WAIVER   MUST   BE
VOLUNTARILY.   KNOWINGLY   AND   INTELLIGENT   GIVEN.   MIRANDA.
(SUPRA).

BEFORE   A   PURPORTED   CONFESSION   CAN   BE   ADMITTED   INTO
EVIDENCE. THE STATE MUST AFFIRMATIVELY SHOW THAT IT WAS FREELY
AND   VOLUNTARILY GIVEN AND   MADE AS A   RESULT OF FEAR. DURESS.
INTIMIDATION. MENACES. THREATS. INDUCEMENTS OR PROMISES.
LOUISIANA REVISED STATUES 15:451.

WHEN   A DEFENDANT EXPRESSLY   WAVES HIS MIRANDA RIGHTS THE
QUESTION   BECOMES WHETHER OR NOT THE WAVIER WAS MADE KNOWINGLY
AND INTELLIGENTLY.

IN   THE CASE AT HAND.   PETITIONER WAS ALREADY BOOKED WITH
THE ALLEGED OFFENSE. HE ALLEGEDLY GAVE TAPED STATEMENT THAT HE
HAD   SHOT VICTIM. BUT DID NOT   TAKE THE WALLET. HOWEVER IT WAS
THE   PROSECUTION'S   THEORY   THAT   PETITIONER   SHOT   THE VICTIM
DURING   THE PERPETRATION   OF AN ARMED   ROBBERY; THEREFORE. THE
STATE   INTRODUCED   AN   EXPERIENCED   LAW   ENFORCEMENT   OFFICER.
DEPUTY MARTIN WHO TESTIFIED THAT PETITIONER ALLEGEDLY ADMITTED
IN   HAVING "   ROBBED THE VICTIM   OF HIS   WALLET." THIS ALLEGED
CONFESSION WAS GIVEN WELL AFTER THE INITIATION OF THE JUDICIAL
PROCEEDINGS HAD COMMENCED. THUS AN EXPERIENCED LAW ENFORCEMENT
OFFICER   SHOULD HAVE BEEN AWARE OF PETITIONER'S CONSTITUTIONAL
RIGHTS   REQUIRED BY   MIRANDA; HOWEVER. WHILE   UNDER DIRECT AND
CROSS - EXAMINATION. DEPUTY MARTIN SPECIFICALLY STATED THAT HE
NEVER   DID ADVISE PETITIONER OF HIS RIGHTS. (TR. T. PP. 1676 -
1681).

PETITIONER WOULD LIKE THIS HONORABLE COURT TO FOCUS ON THE CASE OF STATE V. STRACENER. #CR94 - 998 (LA. APP. 3RD CIR. 1995 ). WHERE DEFENDANT WAS CHARGED WITH ONE COUNT OF SECOND DEGREE MURDER. THE DEFENDANT PLED NOT GUILTY AND NOT GUILTY BY REASON OF INSANITY. HE WAS ADJUDICATED SANE AT THE TIME OF THE OFFENSE . FOUND GUILTY AND SENTENCED TO LIFE IMPRISONMENT WITHOUT PROBATION. PAROLE. OR SUSPENSION OF SENTENCE.

STRACENER. ENTERED THE HOME WHERE HIS SEPARATED SPOUSE. LAURIE WAS SLEEPING. WHERE LAURIE ENTERED THE KITCHEN LATE THAT NIGHT. SHE WAS SHOT IN THE LEFT ARM PIT AREA. THE DEFENDANT DID NOT FLEE. BUT LAID DOWN IN ONE OF THE ROOMS OF THE HOUSE. WHEN THE POLICE ARRIVED. THE DEFENDANT'S BROTHER. ALSO A RESIDENT OF THE HOME WAS LEANING OVER LAURIE. AFTER HANDCUFFING DEFENDANTS BOTHER. OFFICERS ENTERED A BEDROOM WHERE THEY DISCOVERED PETITIONER LYING ON THE BED WHIT HIS THREE CHILDREN. WHILE HANDCUFFING THE DEFENDANT. ONE OF THE OFFICERS ASKED WHAT HAPPENED. THE DEFENDANT RESPONDED THAT HE SHOT THE VICTIM. THE OFFICER THEN ADVISE THE DEFENDANT NOT TO MAKE ANY MORE STATEMENTS UNTIL ADVISED OF HIS RIGHTS. THE DEFENDANT WAS TAKEN INTO THE KITCHEN AND ADVISED OF HIS RIGHTS.

SRACENER'S. DEFENSE OBJECTED TO THE ADMISSION OF THE INCULPATORY STATEMENT MADE WHILE THE DEFENDANT WAS BEING HANDCUFFED. THE DEFENDANT CLAIMED THAT HE WAS IN CUSTODY WITHOUT BEING ADVISED OF HIS RIGHTS AT THE TIME THE STATEMENT WAS MADE. AND THE STATEMENT SHOULD NOT BE DEEMED FREE AND VOLUNTARY. THE TRIAL JUDGE ALLOWED THE STATEMENT INTO

EVIDENCE. STATING THAT MIRANDA REQUIREMENTS DO NOT APPLY WHEN THE INDIVIDUAL IS MERELY DETAINED. THE TRIAL COURT NOTED THAT THE POLICE DID NOT CONSIDER THE DEFENDANT A SUSPECT BECAUSE THE OFFICER DID NOT KNOW ANYTHING ABOUT THE PEOPLE IN THE HOUSE OR WHAT TRANSPIRED THERE.

THE STRACENER COURT AFFIRMED THE TRIAL COURT ON THE ISSUE OF CUSTODY. A SINGLE GENERAL INQUIRY MADE DURING THE COURSE OF INVESTIGATION TO A DEFENDANT IN THIS HOME DOES NOT CONSTITUTE CUSTODIAL INTERROGATION. MIRANDA WARNINGS ARE NOT REQUIRED DURING ON - THE - SCENE INTERROGATION TO DETERMINE FACTS RELATED TO WHETHER A CRIME HAS BEEN COMMITTED. OR BY WHOM. ABSENT A SHOWING THAT THE QUESTIONING IS PAST SUCH AN INVESTIGATORY STAGE. THE DEFENDANT AND HIS BROTHER WERE BOTH HANDCUFFED FOR THE OFFICERS' PROTECTION. NEITHER WERE "IN CUSTODY" FOR THE PURPOSE OF MIRANMDA.

IN THE INSTANT CASE . PETITIONER UNLIKE STRACENER. WAS ALREADY IN CUSTODY. AND AT ANOTHER TIME GAVE A TAPE STATEMENT TO AUTHORITIES THAT HE DID NOT TAKE OR SEE A WALLET ON THE VICTIM. SEE THE CASE OF STATE V HAMILTON. #94 - KA - 696. (LA.APP; 5TH CIR. 1975). WHERE THE COURT HELD THAT: " IN ORDER FOR A CONFESSION TO BE ADMISSIBLE.... (1) THE DEFENDANT MUST HAVE BEEN ADVISED OF HIS RIGHTS. AND (2) THE CONFESSION MUST BE OTHERWISE FREE AND VOLUNTARY". IF THE ACCUSED ALLEGES POLICE MISCONDUCT. THE BURDEN IS ON THE STATE TO SPECIFICALLY REBUT THESE ALLEGATIONS. THE EXERCISE OF THE RIGHT TO SILENCE BY AN ACCUSED DOES NOT ACT AS A COMPLETE BAR TO ALL FURTHER QUESTIONING. HOWEVER. THE POLICE MUST "SCRUPULOUSLY HONOR" THE

DEFENDANTS RIGHT TO CUT OFF QUESTIONING WHILE IN CUSTODY. WHETHER THE DEFENDANT'S RIGHTS HAVE BEEN SCRUPULOUSLY HONORED IS A QUESTION OF FACT THAT DEPENDS ON THE TOTALITY OF THE CIRCUMSTANCES. SOME OF THE FACTORS TO BE CONSIDERED ARE :(1) WHO INITIATES FURTHER QUESTIONING: (2) THE TIME DELAY BETWEEN THE ORIGINAL AND SUBSEQUENT INTERROGATIONS: (3) WHETHER MIRANDA WARNINGS WERE GIVEN BEFORE EACH SEPARATE INTERROGATION: (4) WHETHER A WAVIER OF RIGHTS FORMS WERE SIGNED: AND (5) WHETHER PRESSURES WERE ASSERTED BY THE POLICE BETWEEN INTERROGATIONS.

IN THE INSTANT CASE. DEPUTY COLSTON MARTIN DID NOT "SCRUPULOUSLY HONOR" PETITIONER'S MIRANDA RIGHTS WHATSOEVER. BECAUSE HE FREELY ADMITS THAT HE DID NOT BOTHER TO ADVISE PETITIONER OF SUCH: THEREFORE. THE ALLEGED CONFESSION IN REGARD TO PETITIONER INFORMING THE OFFICER THAT HE TOOK A WALLET OFF OF THE VICTIM SHOULD BE RULED INADMISSIBLE. AND PETITIONER SHOULD BE TRIED ANEW BECAUSE THE WALLET WAS THE UNDERLINE FELONY USED TO CONSTITUTE THE FIRST DEGREE MURDER CHARGE. MINUS THE INADMISSIBLE TESTIMONY OF DEPUTY MARTIN A TRIAL FOR FIRST DEGREE MURDER WOULD NOT HAVE BEEN PERMISSIBLE.

THE STATE MAY USE DIRECT EVIDENCE OR CIRCUMSTANTIAL EVIDENCE OR A COMBINATION OF BOTH TO PROVE ITS CASE. IN DIRECT EVIDENCE. THE FACT TO BE ESTABLISHED IS BASE UPON THE WITNESS' OWN OBSERVATION. CIRCUMSTANTIAL EVIDENCE HAS A DIFFERENT PURPOSE. THE PURPOSE OF CIRCUMSTANTIAL EVIDENCE IS TO ESTABLISHED A FACTUAL BASIS UPON WHICH CERTAIN INFERENCES CAN BE DRAWN. STATE V. GRAHAM. 442 SO.2d 123. 129 (LA. 1982).

REHEARING DENIED. HOWEVER. IN THE INSTANT CASE. MINUS THE ALLEGED STATEMENT FORM DEPUTY MARTIN OF PETITIONER TELLING HIM THAT HE TOOK THE VICTIM'S WALLET. A RATIONAL TIER OF FACT COULD NOT CONCLUDE THAT THE STATE PROVED THE ESSENTIAL ELEMENTS OF THE CRIME BEYOND A REASONABLE DOUBT. JACKSON V. VIRGINIA. 443 U.S. 307. 99 S.CT. 2781. 61 L. ED 2d 560 (1969): GRAHAM. (SUPRA).


## CLAIM (B)

PETITIONER WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE REPRESENTATION OF COUNSEL WHEN COUNSEL CONCEDED PETITIONER'S GUILT.

UNDER OUR ADVERSARY SYSTEM. ONCE A DEFENDANT HAS THE ASSISTANCE OF COUNSEL. THE VAST ARRAY OF TRIAL DECISIONS. STRATEGIC AND TACTICAL. WHICH MUST BE MADE BEFORE AND DURING TRIAL REST WITH AN ACCUSED AND HIS ATTORNEY. ESTELL V. WILLIAMS. 425 U.S. 501. 512: 96 S.CT. 16991.1697: 48 L. ED. 2d 126. 135.

THE UNITED STATES SUPREME COURT HAS ESTABLISHED A TWO - PART TEST FOR REVIEW OF A CONVICTED DEFENDANT'S CLAIM THAT HIS COUNSEL'S ASSISTANCE WAS SO DEFECTIVE AS TO REQUIRE REVERSAL OF A CONVICTION. IN STRICKLAND V. WASHINGTON. 466 U.S. 668. 104 S.CT. 2055. 80 L.ED 2d 674 (1984). THE COURT STATED:

"FIRST. THE DEFENDANTS MUST SHOW THAT COUNSEL'S PERFORMANCE WAS DEFICIENT. THIS REQUIRES SHOWING THAT COUNSEL MADE ERRORS SO SERIOUS THAT COUNSEL WAS NOT FUNCTIONING AS THE "COUNSEL" GUARANTEED THE DEFENDANT BY THE SIXTH AMENDMENT. SECOND. THE DEFENDANT MUST SHOW THAT THE DEFICIENT PERFORMANCE PREJUDICES THE DEFENSE. THIS REQUIRES SHOWING THAT COUNSEL'S ERROR(S) WERE SO SERIOUS AS TO DEPRIVE THE DEFENDANT OF A FAIR TRIAL. A TRIAL

WHOSE RESULT IS RELIABLE. UNLESS A DEFENDANT MAKES
BOTH SHOWING. IT CANNOT BE SAID THAT THE CONVICTION
OR DEATH SENTENCE RESULTED FROM A BREAKDOWN IN
THE ADVERSARY PROCESS THAT RENDERS THE RESULTS
UNRELIABLE." 466 U.S. AT 687. 104 S. CT. AT 2064.

IN EVALUATING THE PERFORMANCE OF COUNSEL. THE "INQUIRY
MUST BE WHETHER COUNSEL'S ASSISTANCE WAS RELIABLE CONSIDERING
ALL THE CIRCUMSTANCES." STRICKLAND V. WASHINGTON. 466 U.S. AT
688. 104 S.CT. AT 2065. "THE DEFENDANT MUST SHOW THAT THERE IS
A REASONABLE PROBABILITY THAT. BUT FOR COUNSEL'S
UNPROFESSIONAL ERRORS. THE RESULT OF THE PROCEEDINGS WOULD
HAVE BEEN DIFFERENT. A REASONABLE PROBABILITY IS A PROBABILITY
SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME." STRICKLAND
V. WASHINGTON. 466 U.S. AT 694. 104 S. CT. AT 2068. HOWEVER A
REVIEWING COURT MUST GIVE GREAT DEFERENCE TO THE TRIAL
ATTORNEY'S JUDGEMENT. TACTICAL DECISION AND STRATEGY. STRONGLY
PRESUMING THE ACCORDANCE OF REASONABLE PROFESSIONAL
ASSISTANCE. STRICKLAND V. WASHINGTON. 466 U.S. AT 689. 104 S.
CT. AT 2065.

IN THE INSTANT CASE. IN WHICH WAS A FIRST DEGREE MURDER
TRIAL. AND WITHOUT PETITIONER'S CONSENT. DEFENSE COUNSEL. AT
THE START OF THE TRIAL SELECTION. DEFENSE COUNSEL INFORMED THE
JURY THAT PETITIONER HAD COMMITTED THE OFFENSE. CONTRARY TO
PETITIONER'S PLEA OF NOT GUILTY. THE LATTER RELIEVED THE JURY
OF ITS DUTY.:(2) THE STATE OF ITS BURDEN: (3) PROHIBITED
PETITIONER FROM GOING INTO THE TRIAL WITH A CLEAN SLATE. AND
(4) SURRENDERED PETITIONER'S RIGHT TO REST ON THE PRESUMPTION
OF INNOCENCE. TO WHICH HE IS ENTITLED THROUGH THE FIFTH. SIXTH

AND   FOURTEENTH AMENDMENT   OF THE   UNITED STATES CONSTITUTION.
THE   FOLLOWING   EXCERPTS   ARE   THE   STATEMENT   OF PETITIONER'S
ATTORNEY.   FRANK SLOAN.   ESQ..   DURING   THE COURSE   OF THE VOIR
DIRE.   IN WHICH HE CLEARLY CONCEDED PETITIONER'S GUILT.WITHOUT
PETITIONER'S CONSENT TO HAVE DONE SO:

> "I WANT TO TELL YOU SOMETHING ALSO ABOUT THIS
> CASE WHICH SETS IT APART FROM OTHER CASES. AND
> I'M GOING TO TELL YOU RIGHT UP FRONT THAT RICKIE
> BRUMFIELD VOLUNTARILY CONFESSED TO KILLING
> RICHARD SPEARS. SO THE FACTS OF THE KILLING IN NOT
> GOING TO BE DISPUTED BY US. SO YOU WON'T HAVE THE
> CHOICE. YOU WON'T BE FACED WITH THE DIFFICULT CHOICE
> OF GUILT OR INNOCENCE OR DID HE DO IT OR SOMEBODY
> ELSE DID IT. THAT CHOICE WON'T BE THERE. BUT THE
> CHOICE YOU WILL HAVE IS THERE ARE REALLY THREE
>  RESPONSIVE VERDICTS YOU CAN GIVE ONE IS FIRST
> DEGREE MURDER. WHICH WAS DISCUSSED BY THE
> PROSECUTOR. SECOND DEGREE MURDER AND MANSLAUGHTER.
> I WANT TO TALK ABOUT THAT." (TR.T.P. 1173

PETITIONER   NOTES THAT THROUGHOUT VOIR DIRE. COUNSEL TOLD EACH
PANEL   OF   JURORS BASICALLY   THE SAME:   CONCEDING PETITIONER'S
GUILT.   KNOWING THAT PETITIONER HAD MADE THE DECISION TO STAND
TRIAL. AND HAVE THE PROSECUTION PROVE ITS CASE OF FIRST DEGREE
MURDER   BEYOND A   REASONABLE DOUBT. FURTHER.   COUNSEL STUCK TO
HIS   ARBITRARY DEFENSE OF SURRENDERING THE CASE DURING CLOSING
ARGUMENTS   IN WHICH SUCH INVADED THE PROVINCE OF THE JURY. THE
UNITED STATES COURT HAS RECOGNIZED THE SIGNIFICANCE OF CLOSING
ARGUMENTS FINDING THAT THE OPPORTUNITY FINALLY TO MARSHALL THE
EVIDENCE   FOR   EACH   SIDE   BEFORE SUBMISSION   OF   THE   CASE TO
JUDGEMENT.   HERRING V. NEW YORK. 422   U.S. 953. 862. 95 S. CT.
2250. 45 L. ED. 2d 593 (1975).

PETITIONER COUNSEL CONTENDS THAT THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION GUARANTEES PETITIONER A VIABLE THEORIES OF DEFENSE. SEE DELUCA V LORD. 77 F.3d 578 (RND CIR. 1996)

PETITIONER SUBMITS THAT THE DECISION TO PLEA "GUILTY" OR "NOT GUILTY IS A DECISION RESERVED SOLELY FOR THE ACCUSED BASED ON HIS INTELLIGENT AND VOLUNTARY CHOICE. BOYKIN V. ALABAMA. 395 U.S. 238 89 S. CT. 1709 (1969). THE DEFENDANTS DECISION TO PLEAD GUILTY CANNOT BE PRESUMED FROM THE PLEA ITSELF IN THE CONTEXT OF AN OTHERWISE SILENT RECORD.

SIMILARLY. AN ATTORNEY MAY NOT ADMIT HIS CLIENT'S GUILT WHICH IS CONTRARY TO HIS CLIENT'S EARLIER PLEA OF "NOT GUILTY" UNLESS. THE DEFENDANT UNEQUIVOCALLY UNDERSTAND THE CONSEQUENCES OF THE ADMISSION. SEE BROOKHART V. JANIS. 384 U.S.S 1. 8 S. CT. 1245 - 49 (1966). COUNSEL MAY BELIEVE IT IS TACTICALLY WISE TI STIPULATE TO A PARTICUALR ELEMENT OF THE CHARGE OR ISSUE OF PROOF. HOWEVER. AN ATTORNEY MAY NOT STIPULATE TO FACTS WHICH AMOUNTS TO THE "FUNCTION EQUIVALENT" OF A GUILTY PLEA. SEE COX V.HUTS. 598 F.2d 394 (8TH CIR. 1970); AND UNITED STATES V BROWN. 428 F. 2d 110 (D.C.C CIR. 1970).

PETITIONER SUBMITS THAT HIS DEFENSE ATTORNEY HAD A VIABLE LINE OF DEFENSE. IN PETITIONER'S MEDICAL HISTORY. BUT INSTEAD. ALTHOUGH COUNSEL PRESENTED AN EXPERT. WHOM EVALUATED THE TAPED STATEMENT. AND GAVE OPINION OF PETITIONER BEING MILDLY RETARDED. AND EASY TO INFLUENCE. COUNSEL STILL DECIDED

PETITIONER'S GUILT BEFORE THE FACT FINDER HAD THE OPPORTUNITY TO DECIDE THE CASE.

COMPARED IN WILEY V. SOWDER. 647 F. 3d AT 650. THE COURT RULED THAT COUNSEL'S COMPLETE CONCESSION OF THE DEFENDANTS GUILT NOLLIFIES HIS RIGHT TO HAVE THE ISSUE OF HIS GUILT OR INNOCENCE PRESENTED TO THE JURY AS AN ADVERSARIAL ISSUE AND THEREFORE CONSTITUTES INEFFECTIVE ASSISTANCE.

FURTHER. THE COURT RULED IN WILEY V. SOWDER. (SUPRA). THAT A DEFENDANT IS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS OWN COUNSEL ADMITS HIS CLIENT'S GUILT WITHOUT FIRST OBTAINING CONSENT TO SUCH A STRATEGY. 647 F. 2d AT 650.

EVEN THE ELEVENTH CIRCUIT COURT OF APPEALS. IN FRANCIS V. SPAGGING. 720 F. 2d 1190 (11TH CIR. 1983) STATED THAT: "WHEN COUNSEL CONCEDES A CLIENTS GUILT DURING THE GUILT OR INNOCENCE PHASE OF TRIAL IN SPITE OF THE CLIENT'S EARLIER PLEA OF NOT GUILTY AND WITHOUT THE DEFENDANTS CONSENT. COUNSEL PROVIDES INEFFECTIVE ASSISTANCE OF COUNSEL REGARDLESS OF THE WEIGHT OF THE EVIDENCE AGAINST THE DEFENDANT OR THE WISDOM OF COUNSEL'S HONEST APPROACH STRATEGY."

IN THE INSTANT CASE. PETITIONER'S DEFENSE ATTORNEY ERRONEOUSLY DIVERTED THE JURY FROM ITS DUTY TO DECIDE THE CASE HE CONCEDED PETITIONER'S GUILT. THIS ERROR ALONE WAS SO SUBSTANTIAL THAT IT CAUSED HIS PERFORMANCE TO FALL BELOW THE SIXTH AMENDMENT. NERO V. BLACKBURN. 597 F. 2d 991. 994 (5TH CIR. 1979). DEFENSE COUNSEL'S ACTIONS HEREIN DID NOT TAKE HIS RESPONSIBILITY UNDER PREVAILING PROFESSIONAL TERMS. SEE STRICKLAND V. WASHINGTON. (SUPRA).

THE   AMERICAN   BAR   ASSOCIATION   CODE   OF   PROFESSIONAL RESPONSIBILITY   DR - 7 - 106. 1975. PROVIDING IN MATERIAL PART AS FOLLOWS:

    (C)  IN APPEARING IN HIS PROFESSIONAL CAPACITY
           BEFORE A TRIBUNAL. A LAWYER SHALL NOT....
    (4)  ASSERT HIS PERSONAL OPINION AS TO THE
           FAIRNESS OF A CAUSE. AS TO THE CREDIBILITY
           OF A WITNESS....

           OR TO GUILT OR INNOCENCE OF AN ACCUSED..EC 7-24:
           IT IS NOT PROPER SUBJECT FOR ARGUMENT TO THE TRIER
           OF FACT. IT IS IMPROPER AS TO FACTUAL MATTERS
           BECAUSE ADMISSIBLE EVIDENCE POSSESSED BY A
           LAWYER SHOULD BE PRESSED ONLY AS A SWORN TESTIMONY.

IN   THE INSTANT CASE. PETITIONER HAD MADE THE DECISION TO BE   TRIED   BEFORE A   TWELVE (12)   MEMBER JURY.   THEREFORE THAT DECISION   SHOULD NOT   HAVE BEEN   THEIR DECISION. NEVERTHELESS. PETITIONER'S   OWN   ADVOCATE IMPROPERLY   CONCEDED   HIS CLIENT'S GUILT.   CONSTITUTED AN INVASION   OF PROVINCE OF   THE JURY. AND WAS   BEYOND PERMISSIBLE BOUNDS.   JANIS. (SUPRA): HUTS. (SUPRA) AND SOWDER. (SUPRA).

PETITIONER SUBMITS THAT HIS ATTORNEY PROVIDED INEFFECTIVE REPRESENTATION WHEN HE CONCEDED PETITIONER'S GUILT WITHOUT HIS CONSENT. THUS HIS IMPROPER CONDUCT WHICH AMOUNTED TO THE "FUNCTION EQUIVALENT" OF A "GUILTY PLEA." WHEN PETITIONER IN FACT. SPECIFICALLY INFORMED COUNSEL THAT HE WAS NOT PLEADING GUILTY. UNDER NO CIRCUMSTANCES. THEREFORE. IN THE INTEREST OF JUSTICE. THIS CASE SHOULD BE REVERSED AS A VIOLATION OF PETITIONER'S SIXTH AMENDMENT AND FOURTEENTH AMENDMENT RIGHTS TO THE EFFECTIVE COUNSEL AND DUE PROCESS OF LAW.

CONCLUSION

PETITIONER SINCERELY PRAYS THAT HIS CONVICTION BE REVERSED AND GRANTED A NEW TRIAL BECAUSE OF THE TREMENDOUS INFRINGEMENT OF HIS CONSTITUTIONAL RIGHTS AND FURTHER. PETITIONER PRAYS THAT IF THE COURT GRANT REHEARING ON THE ISSUES PRESENTED HEREIN. HE MAY BE MORE CONVINCING SINCE PETITIONER WAS NOT AFFORDED A HEARING ON THE CURRENT ISSUES ON THE STATE LEVEL.

DONE ON THIS, 23 DAY OF _____ 2001

RICKEY BRUMFIELD #316164
PINE THREE UNIT
LOUISIANA STATE PENITENTIARY
ANGOLA. LOUISIANA 70712

## CERTIFICATE OF SERVICE

THE FOREGOING MATTER WAS SERVED TO THE CLERK OF COURT OF THE UNITED STATES EASTERN DISTRICT COURT. 5000 CAMP STREET. NEW ORLEANS. LOUISIANA 70130 BY PLACING THE ORIGINAL AND A COPY IN THE MAIL. POSTAGE PAID.

DONE ON THIS, 23rd DAY OF January 2001

Rickie Brumfield
RICKEY BRUMFIELD #316164 .
PINE THREE UNIT
LOUISIANA STATE PENITENTIARY
ANGOLA. LOUISIANA 70712

## AFFIDAVIT

I. RICKIE BRUMFIELD. DO AVER UNDER THE LAW OF PERJURY. THAT ALL FACTS CONTAINED THEREIN ARE TRUE AND CORRECT.

_____
NOTARY

_____
AFFIDAVIANT